# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: November 24, 2020

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| ELMIA WALKER, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 18-366V |
| | * | Special Master Gowen |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

Carol L. Gallagher, Somers Point, NJ, for Petitioner.
Mary E. Holmes, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On August 20, 2020, Elmia Walker ("Petitioner") filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorney Fees ("Fees App.") (ECF No. 62). For the reasons discussed below, I **GRANT** Petitioner's motion for attorneys' fees and costs and awards a total of **$125,561.60**.

I. **Procedural History**

On March 8, 2018, Petitioner filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioner received Hepatitis B vaccinations on September 9, 2016, October 31, 2016, and March 20, 2017. Petition at ¶ 6-8. Petitioner alleged that as a result of receiving the Hepatitis B vaccines, she suffered lichen planus. On August 7, 2020, the parties filed a stipulation, which I

---

[1] I intend to post this ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

adopted as my Decision awarding compensation on August 10, 2020. (ECF No. 56).

On August 20, 2020, Petitioner filed a motion for attorneys' fees and costs. Petitioner requests compensation for her attorney, Ms. Carol Gallagher, in the total amount of $125,561.60, representing $47,079.30 in attorneys' fees and $78,482.30 in costs. Fees App. at 3. Pursuant to General Order No. 9, Petitioner warrants she has not personally incurred any costs in pursuit of her claim. Fees App. Ex. 4. Respondent reacted to the fees motion on September 3, 2020, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 64). Petitioner did not file a reply thereafter.

The matter is now ripe for adjudication.

II. **Analysis**

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). Here, because Petitioner was awarded compensation, she is entitled to an award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

   a. **Attorneys' Fees**

Petitioner requests the following rates for the work of her counsel, Ms. Carol Gallagher: $363.00 per hour for work performed in 2017, $400.00 per hour for work performed in 2018 and 2019; and $424.00 per hour for work performed in 2020. These rates are consistent with what Ms. Gallagher has previously been awarded for her Vaccine Program work, and I find them to be reasonable for the work performed in the instant case. *See De Souza v. Sec'y of Health & Human Servs.*, 141 Fed. Cl. 338, 345 (Fed. Cl. 2018).

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter to be reasonable. The entries are reasonable and accurately describe the work being performed and the length of time it took to perform each task. Respondent also has not identified any particular entries as being objectionable. Therefore, Petitioner is entitled to final attorneys' fees of **$47,079.30**.

   b. **Attorneys' Costs**

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total

attorneys' costs in the amount of $78,482.30. This amount is comprised of acquiring medical records, transcripts, and work performed by Petitioner's expert, Dr. Steven Rostad. Concerning the work of Dr. Rostad, the undersigned notes that while a large number of hours were billed, Dr. Rostad's efforts in thoroughly analyzing the records and including relevant medical literature, as well as rebutting the reports prepared by both of Respondent's experts no doubt played a major role in Petitioner eventually being awarded compensation. I therefore find that his work was reasonable in this case and should be fully compensated. Concerning the remaining costs, Petitioner has provided adequate supporting documentation for all the costs, and they appear to be reasonable upon review. Accordingly, Petitioner is awarded the full amount of attorneys' costs sought.

### III. Conclusion

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $47,079.30 |
| (Reduction of Fees) | - |
| **Total Attorneys' Fees Awarded** | **$47,079.30** |
| | |
| Attorneys' Costs Requested | $78,482.30 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$78,482.30** |
| | |
| **Total Attorneys' Fees and Costs** | **$125,561.60** |

**Accordingly, I award a lump sum in the amount of $125,561.60, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and her attorney, Ms. Carol Gallagher.[3]**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

<u>/s/Thomas L. Gowen</u>
Thomas L. Gowen
Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).